IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiff,

vs.                                                                         Case No. 1:20-cv-01134-KWR-SCY

DAXTON MARTINEZ,

    Defendant.

and

DAXTON MARTINEZ,

    Plaintiff,

vs.                                                                   Case No. 1:20-cv-01278-KWR-SCY

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

**<u>ORDER DENYING STATE FARM'S MOTION FOR SUMMARY JUDGMENT</u>**

**THIS MATTER** comes before the Court upon State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment **(Doc. 31)**. Having reviewed the parties' briefs and applicable law, the Court finds that State Farm's motion is **NOT WELL-TAKEN** and, therefore, is **DENIED**.

Both parties filed declaratory judgment actions seeking a determination whether the "bodily injury" portion of an underinsured motorist provision provides coverage for emotional distress damages, including alleged physical manifestations of the emotional distress. State Farm asserts that Daxton Martinez' claimed damages for physical manifestations of emotional distress are not physical injuries compensable under its bodily injury policy. Mr. Martinez asserted that

he suffered from night sweats, nightmares, sleeplessness, shaking, and weight loss. For the reasons stated below, the Court declines to issue summary judgment in State Farm's favor.

## UNDISPUTED FACTS[1]

State Farm insured Daxton Martinez and his relatives through three automobile liability policies which provided uninsured motorist coverage. **Doc. 31 at UMF 1-3.** The uninsured motorist coverage "stacked" to provide a maximum of $75,000 per person uninsured motorist coverage to Daxton Martinez prior to the application of any offsets. ***Id.*** **UMF 4.** Pursuant to the provisions of the State Farm policies, State Farm provides uninsured motorist coverage as follows:

*We* will pay damages for:

1. *Bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

a. sustained by an *insured*, and

b. caused by an accident arising out of the operation, maintenance, or use of an *uninsured motorist vehicle* as a motor vehicle.

….

**Doc. 31 UMF 5.** The policies define bodily injury as "*bodily injury* to a *person* and sickness, disease, or death that results from it." ***Id.*** **UMF 6.** The policy language does not require a bodily injury to be permanent or long lasting. **Doc. 33 at 2 UMF 9**.

On or about August 30, 2016, Daxton Martinez' brother, Devon Martinez, was runover and killed with a vehicle driven by Joseph Perea. ***Id.*** **UMF 7.** Daxton Martinez witnessed the events leading to his brother's death. **Doc. 33 at 2; UMF 2.** Daxton Martinez asserts he suffered emotional distress as a result. **Doc. 31 UMF 8.**

---

[1] The parties largely admitted to each other's asserted facts.

Daxton Martinez intervened in the case of *Murphy v. Leal, et al.*, D-101-cv-2017-02675 (First Judicial District Court, Santa Fe County), a suit stemming from the incident. He was deposed in the matter. *Id.* **UMF 9**. He stated that he "tended not to eat so much and was starting to lose a lot of weight whenever this occurred." *Id.* **UMF 10.** Mr. Martinez had a loss of appetite and found it difficult to get out of bed. *Id.* Daxton had night terrors and night sweats. *Id.* **UMF 11.** He sometimes woke up shaking. *Id.* Daxton stated that every day was a struggle. He stated that he lost thirty or forty pounds, getting down to 120 pounds. *Id.* **UMF 12**. The weight loss was temporary. *Id.*

Daxton Martinez has not seen a counselor, psychologist, or psychiatrist. *Id.* **UMF 13.** He has not received any diagnosis. *Id.*

The tortfeasor's liability insurer, Progressive Insurance, offered to settled with Daxton Martinez for the per person policy limit of $25,000. Daxton filed a claim under his uninsured/underinsured motorist coverage with State Farm, requesting $75,000.

**LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996). To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any

3

[material] fact claimed to be disputed." *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

## DISCUSSION

Mr. Martinez asserts he suffered emotional distress after seeing his brother run over and killed by a motor vehicle driver, and he asserted a Negligent Infliction of Emotional Distress claim against the tortfeasor. New Mexico permits NIED claims in cases where "an individual ... suffers emotional distress 'from the contemporaneous observation of an accident involving a close family member.' " *Montoya v. Pearson*, 140 N.M. 243, 245 (Ct. App. 2006). The issue in this declaratory judgment action is whether Mr. Martinez' alleged physical manifestations of emotional distress are compensable as "bodily injuries" under his State Farm underinsured motorist coverage. The Court concludes that there is a genuine dispute of material fact whether Mr. Martinez' weight loss may be a measurable physical manifestation of emotional distress to constitute "bodily injury" under the policy language. *See Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 8, 135 N.M. 706, 708–09, 92 P.3d 1280, 1282–83 (noting that physical manifestation of emotional distress may be sufficient to constitute bodily injury under similar policy language where it is painful or "measurable").

When exercising diversity jurisdiction over New Mexico state law claims, the Court looks to rulings of the New Mexico Supreme Court "and, if no such rulings exist, must endeavor to predict how that high court would rule." *Johnson v. Riddle,* 305 F.3d 1107, 1118 (10th Cir.2002).

If there is no decision on point by the New Mexico Supreme Court, the Court may look to decision by the New Mexico Court of Appeals. *Id.* at 1119.

"An insurance claim arises from the policy language." *Gonzales v. Allstate Ins. Co.,* 122 N.M. 137, 140, 921 P.2d 944, 947 (1996), quoted in *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 6, 135 N.M. 706, 708, 92 P.3d 1280, 1282. The insurance policy, as explained above, defines "bodily injury" as ""***bodily injury*** to a ***person*** and sickness, disease, or death that results from it." **Doc. 31 at UMF 6.**

The New Mexico Supreme Court analyzed similar policy language and concluded that "[b]y its plain meaning, 'bodily injury' constitutes injury to the physical body rather than mental and emotional injuries." *Gonzales v. Allstate Ins. Co.*, 122 N.M. 137, 140, 921 P.2d at 947 (1996); *Economy Preferred Ins. Co. v. Jia*, 135 N.M. 706 (Ct. App. 2004); *Hart v. State Farm Mut. Ins. Co.*, 145 N.M. 18 (Ct. App. 2008); *see also Lopez v. GEICO Ins. Co.*, No. CV 11-633 GBW/RHS, 2012 WL 12840821, at *3 (D.N.M. June 5, 2012).

However, "*Gonzales* left open the possibility that where an emotional injury is accompanied by physical manifestation, the injury might constitute bodily injury." *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 9, 135 N.M. 706, 709, 92 P.3d 1280, 1283, *citing Gonzales,* 122 N.M. at 140, 921 P.2d at 947 ("[L]oss of consortium, *without any physical manifestation,* is an emotional injury" (emphasis added)).

Not every physical manifestation of emotional distress is sufficient to constitute bodily injury under the policy. It is clear under New Mexico law that crying, shaking, and sleeplessness, although physical, are not sufficient physical manifestations of emotional distress to constitute bodily injury. *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 8, 135 N.M. 706, 708–09, 92 P.3d 1280, 1282–83. Therefore, the Court concludes that Mr. Martinez' asserted physical

manifestations of shaking, sleeplessness, and nightmares are not sufficient physical manifestations of emotional distress to constitute bodily injury under the policy provisions.

However, Mr. Martinez also asserts that he suffered a temporary thirty-to-forty-pound weight loss. No New Mexico case has decided whether weight loss or gain is a sufficient physical manifestation of emotional distress to recover under a bodily injury policy. However, the New Mexico Court of Appeals has identified that physical manifestations which (1) cause pain or (2) are measurable may constitute bodily injury. *Econ. Preferred Ins. Co. v. Jia*, 2004-NMCA-076, ¶ 8, 135 N.M. 706, 708–09, 92 P.3d 1280, 1282–83. Here, viewing the facts in the light most favorable to Mr. Martinez, the Court cannot say that the thirty to forty pound weight loss was not a measurable physical manifestation of emotional distress. Therefore, the Court declines to grant summary judgment in State Farm's favor.

State Farm cites to a case from the Third Circuit applying the Warsaw Convention to conclude that a seventeen-pound weight loss caused by emotional distress was not a bodily injury. *Terrafranca v. Virgin Atl. Airways Ltd.*, 151 F.3d 108, 109 (3d Cir. 1998). However, this case does not fall under the Warsaw Convention. The Court must apply New Mexico law.

## CONCLUSION

Mr. Martinez' weight loss may be a physical manifestation of emotional distress to constitute "bodily injury" under the underinsured motorist coverage. Therefore, the Court finds summary judgment in State Farm's favor to be inappropriate.[2]

**IT IS ORDERED** that the State Farm Fire and Casualty Company ("State Farm") Motion for Summary Judgment **(Doc. 31)** is hereby **DENIED** for the reasons described in this Order.

---

[2] In the conclusion to his response, Mr. Martinez requested summary judgment be entered in his favor. The Court declines to consider this request, as he did not file a motion.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**